**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| American Aviation, Inc., a Utah corporation, and Larry D. Wright, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>The United States Department of Transportation, a department of the United States Government; The Federal Aviation Administration, an agency within the Department of Transportation; and Kennth Reilly, Mirlo E. Ochoa, Dennis Pratte, Kent Stephens, John Allen, Richard S. Lund, Herman H. Ross, William C. Withycombe, John Duncan, Bradley D. Peterson, and John Does 1-5, Individuals,<br><br>    Defendant. | No. CV-09-8129-PHX-MHM<br><br>**ORDER** |

Currently pending before the Court is Plaintiff's Application for Preliminary Injunction and Temporary Restraining Order (Dkt.#9). Plaintiff has requested expedited review.

On August 20, 2008 at or around 3:45 P.M., Plaintiff lodged the instant petition for a Temporary Restraining Order (TRO) with the Court. The petition concerns the Federal Aviation Authority's revocation of American Aviation's interim operating authority to conduct sightseeing flights from the City of Page, Arizona.

It appears as though Plaintiffs have not provided Defendants with notice of the instant TRO petition. Essentially, Plaintiffs have requested an *ex parte* hearing where they would

ask the Court to issue a TRO without notice to the opposing parties. While the caption for the order states that it is an application for a "Temporary Restraining Order With Notice," the accompanying proposed order refers to "Plaintiffs' ex parte application for the issuance of a Temporary Restraining Order." (Dkt.#9-3) Nowhere in the motion do Plaintiffs indicate that the Defendants have been provided notice of the request. However, Rule 65(b) of the Federal Rules of Civil Procedure requires that any TRO issued without notice include "specific facts in an affidavit or a verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). In the instant case, Plaintiffs' petition has not met the demands of Rule 65(b), since their petition has not been accompanied with an affidavit or a verified complaint that explains why Defendants have not been provided with notice of this matter, thereby justifying the Court to proceed in their absence.

In addition, based on the limited information that has been submitted to the Court, it is altogether unclear why Plaintiffs should not have been able to alert Defendants to the instant action in time for their representatives to make an appearance before the Court. The Ninth Circuit has cautioned district courts against issuing a TRO without notice to the adverse party, stating that the "[c]ircumstances justifying the issuance of an ex parte order are extremely limited." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423 (1974)). The Court is unwilling to utilize this drastic and exceptional remedy given Plaintiffs' failure to comply with the procedural demands of Rule 65(b) Fed. R. Civ. P.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiffs' Application for a Temporary Restraining Order.

/ / /

1   **IT IS FURTHER ORDERED** directing Plaintiffs to serve notice on the Defendants
2   regarding their request for a Preliminary Injunction. After Defendants have been served
3   notice of this request, Plaintiffs are directed to notify the Court and a hearing on the
4   Preliminary Injunction may be scheduled.
5         DATED this 20th day of August, 2009.

_____
Mary H. Murguia
United States District Judge